UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────X          <u>For Online Publication Only</u>

GREGG M. BECKER

                    Plaintiff,

        -against-                             **ORDER**
                                              20-cv-06023 (JMA) (JMW)
STATE FARM FIRE AND CASUALTY
COMPANY,                                      **FILED**
                                              **CLERK**

                                              2:05 pm, Mar 27, 2024

                    Defendant.                **U.S. DISTRICT COURT**
─────────────────────────────────X           **EASTERN DISTRICT OF NEW YORK**
**AZRACK, United States District Judge:**      **LONG ISLAND OFFICE**

        Plaintiff Gregg M. Becker ("Plaintiff") commenced this action against State Farm Fire and

Casualty Company ("Defendant"), alleging that Defendant failed to fulfill its coverage obligations

under a Homeowners Insurance Policy issued to Plaintiff relating to a fire that occurred at his

home.  (ECF No. 1.)

        On July 28, 2023, Defendant moved for summary judgment on all three Counts asserted in

Plaintiff's Complaint.  (ECF No. 81-2.)  In accordance with the undersigned's individual bundle-

filing rules, Defendant filed Plaintiff's Opposition to Defendant's Motion (ECF No. 81-78),

Plaintiff's Cross-Motion to Strike certain portions of Plaintiff's Rule 56.1 Statement (ECF No. 81-

76, 78), and Defendant's Reply to Plaintiff's Opposition (ECF No. 81-156).  (ECF No. 81.)

        On August 3, 2023, and August 21, 2023, Plaintiff's counsel—Maranda Fritz, Esq. and

Rebecca Brazzano, Esq.—moved to withdraw as Plaintiff's counsel (ECF Nos. 82, 85), which was

subsequently granted by Magistrate Judge James M. Wicks on September 11, 2023.  (ECF No.

88.)  Also on September 11, 2023, Judge Wicks set Plaintiff's deadline to secure new counsel and

have new counsel file a notice of appearance on ECF by November 3, 2023.  (<u>See</u> <u>id.</u>)  To date,

1

Plaintiff has not obtained new counsel.   On October 18, 2023, the undersigned referred Defendant's motion for summary judgment (ECF No. 81) to Judge Wicks for a Report and Recommendation ("R&R").  (See Electronic Order dated October 18, 2023.)

On January 29, 2024, Judge Wicks filed his R&R, which recommends that the Court grant Defendant's Motion for Summary Judgment (ECF No. 81) and that the Court grant in part and deny in part Plaintiff's Cross-Motion to Strike portions of Defendant's Rule 56.1 Statement (ECF No. 81-76, 81-78.)  (See ECF No. 90.)  On February 10, 2024, Plaintiff—proceeding pro se— timely moved for an extension of time to file objections to Judge Wicks's R&R.  (ECF No. 92.) The undersigned awarded Plaintiff a five-week extension (until March 18, 2024) to file his objections, noting that "Pro Se Plaintiff is warned that no further extension [of time] shall be granted."  (See Electronic Order dated February 13, 2024.)  The undersigned also "encouraged to make use of the resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School ('Program'), which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants."  (Id.)

Instead of filing objections by March 18, 2024, at the Court's direction, Plaintiff moved for a Temporary Restraining Order ("TRO") requesting "immediate protection from threats/harassment" that, in his view, "emanate directly from [the] courthouse and someone … involved in this case."  (See ECF No. 94.)  The undersigned denied Plaintiffs motion. (See Electronic Order dated March 18, 2024.)  To the extent Plaintiff's motion could be construed to contain any request for legal relief, the undersigned denied the motion because Plaintiff had not made the requisite showing for a TRO.[1]  (See id.)  In the same electronic order, the undersigned

---

[1]      To the extent Plaintiff's submission could have been construed to make any legal arguments, the undersigned concluded did not show either (1) likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation.  (See id. (citing Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010)).

again warned Plaintiff:

> "Mr. Becker is reminded that, pursuant to this Court's February 13, 2024 Order, **'Pro Se Plaintiff shall file his objections [to Judge Wicks's R&R] no later than March 18, 2024. Pro Se Plaintiff is warned that no further extension shall be granted.'**"

(Id.) (emphasis in original).

Considering Plaintiff's pro se status, and out of an abundance of caution, the undersigned extended the deadline again—this time by a week, until March 22, 2024—for Plaintiff to file objections to Judge Wicks's R&R. (See Electronic Order dated March 18, 2024.) In the same order, the Court directed Plaintiff, in no uncertain terms, to "clearly label [his objections] as objections." (Id.) Moreover, the Court warned Plaintiff that "if he fail[ed] to file objections, the Court will presume he has no objection to the R&R and will move forward with reviewing the R&R." (Id.) (citing Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008)). In total, the Court granted Plaintiff over six weeks' worth of extensions to file his objections to the R&R. (See Electronic Order dated February 13, 2024; see also Electronic Order dated March 21, 2024.)

On March 18, 2024, Plaintiff moved the Court to appoint counsel. (ECF No. 95.) The undersigned denied the motion on March 21, 2024. (See Electronic Order dated March 21, 2024.) Therein, the Court once again reminded that "he shall file his objections (if any), and clearly label them as objections, no later than Friday, March 22, 2024."[2] (Id.)

On March 22, 2024, Plaintiff filed two extremely similar, 123-paged, submissions to the Court to address what he perceives as a "critical evidentiary gap that has come to light." (ECF Nos. 96–97.) Aside from various formatting changes to the text, the substance of these two

---

[2]     The Court also again warned Plaintiff—in bold text—that "if he fail[ed] to file objections, the Court will presume he has no objection to the R&R and will move forward with reviewing the R&R." (Id.) (citing Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008)).

voluminous submissions do not differ in any material way.  (Compare ECF No. 96, with ECF No. 97.)  The only difference between the two submissions are their titles.  Presumably in response to the Court's repeated directives to "clearly label [objections] as objections," Plaintiff titled one submission (ECF No. 96) as an "Emergency Motion for Objection to Report and Recommendation and Reconsideration," but he titled a second submission at ECF. No. 97 as an "Emergency Motion for Continuance, Reconsideration of Report and Recommendation." (Id. (emphases added)).  The Court construes ECF No. 96 as Plaintiff's objections to Judge Wicks's R&R.

## I.    LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).  A district court may also accept those portions of a report to which no specific, written objection is made, if the factual and legal bases supporting the findings are not clearly erroneous.  See Ramirez v. United States, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012) (citation omitted); see generally Benitez v. Parmer, 654 F. App'x 502, 503–04 (2d Cir. 2016) (summary order).  A magistrate judge's decision is clearly erroneous only if the district court is "'left with the definite and firm conviction that a mistake has been committed.'"  Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  FED. R. CIV. P. 72(b)(3); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects."  Kirk v. Burge, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009); see also

Kruger v. Virgin Atl. Airways, Ltd., 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), aff'd, 578 F. App'x 51 (2d Cir. 2014). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Renelique v. Doe, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (collecting cases); see also Vega v. Artuz, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations.").

The Court is mindful that a pro se party's objections are generally considered under a more lenient standard.  See Pinkney v. Progressive Home Health Srvs., 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citing Walker v. Vaughan, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)); see also Vasquez v. Reynolds, 2002 WL 417183, at *5 (S.D.N.Y. Mar. 18, 2002). "Nonetheless, to trigger de novo review, even a pro se party's objections to a report and recommendation must be specific and clearly aimed at particular findings in the magistrate judge's report." Jones v. Smith, 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) (citing Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).  Finally, "it is sufficient that the court arrive at its own independent conclusion regarding those portions of the report to which objections are made"; the court "need not conduct a de novo hearing on the matter."  In re Hulley Enters. Ltd., 400 F. Supp. 3d 62, 69 (S.D.N.Y. 2019) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985)).

## II.      DISCUSSION

The Court overrules Plaintiff's objections for multiple, independent reasons.

A.      <u>Plaintiff's Objections Violate Multiple Rules</u>.

Pursuant to the undersigned's Individual Practice Rules, all objections to reports and recommendations must follow the page limits set forth in Section IV(c):

> "Unless prior permission has been granted, memoranda of law in support of, and in opposition to, motions are limited to 25 pages, and reply memoranda are limited to 15 pages. Memoranda of 10 pages or more shall contain a table of contents."

JMA Indiv. Rule IV.F.

It is undisputed that Plaintiff never requested permission from the undersigned to file his 123-paged objections to Judge Wicks's R&R.  The objections far exceed the twenty-five-page limit set in the Court's Individual Rule IV.C by over one hundred pages.  Further, the improperly overlength submission lacks any table of contents, which is mandated by the undersigned's Individual Rules for an objections memorandum exceeding 10 pages in length.  (<u>See</u> <u>id.</u>)

The Court finds that Plaintiff's bloated filing—which is filled with dozens of pages of single-spaced briefing as well as extraneous exhibits—not only violates the undersigned's Individual Practice Rules, but the letter and spirit of this District's Local Rules as well.  <u>See</u> Local Rule 7.1(a)(3) (parties should only submit supporting exhibits "necessary for the decision of the motion").  On their own, such violations warrant denial without prejudice of Plaintiff's objections in their current form.  <u>See, e.g.</u>, <u>Fields v. Bayerische Motoren Werke Aktiengesellschaft</u>, 594 F. Supp. 3d 530 (E.D.N.Y. 2022) (Brown, J.) (rejecting court filings due to the parties' failure to comply with (among other things) "the Local Rules of this District"); <u>Testaccio v. Rahim</u>, 2021 WL 1999411, at *1 (E.D.N.Y. May 19, 2021) (dismissing motion without prejudice for failure to comply with the Court's Individual Practice Rules); <u>Carematrix of Mass., Inc. v. Kaplan</u>, 385 F.

Supp. 2d 195, 2012 WL 13102106, at *2 (E.D.N.Y. 2012) (Brown, M. J.) (rejecting declaration that was not "limited to 'factual information and portions of the record necessary for decision of the motion'" (quoting Local Rule 7.1(a)(3)); see also Losacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) (affirming "the district court's interpretation and application of its own local rule" and noting such a decision is one to which the Second Circuit "must accord considerable deference"); Shaoxing Daqin Imp. & Exp. Co. v. Notations, Inc., 2019 WL 4198767, at *2 (S.D.N.Y. July 30, 2019) (holding it was "blatantly improper" for the parties to have "attached voluminous exhibits" to their motion to dismiss briefs).  The Court could overrule Plaintiff's objections on these grounds alone.

      B.       Plaintiffs' Objections.

      The Court, however, out of an abundance of caution considering Plaintiff's pro se status, turns to the merits of Plaintiff's "objections."  Plaintiff's presentation, though, fails to address any legal deficiency in Judge Wicks's R&R.  The entirety of Plaintiff's submission seems to be an attempt to rehash the factual assertions of Plaintiff's counseled motion for summary judgment. Indeed, Plaintiff failed to address a single-issue Judge Wicks ruled upon. When a party, as here, files general or conclusory objections, or objections which merely recite the same arguments that party presented to the magistrate judge, the Court's review of such recommendations is for clear error only.  See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

      Here, Plaintiff's arguments attempt to get this Court to engage in a rehashing of the same arguments set forth in his original counseled motion papers.  This does not suffice to invoke de novo review.  See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d. Cir. 2022).  Even a pro se party's objections to a R&R must be specific and clearly aimed at particular findings in the magistrate's proposal. See Machicote v. Ercole, 2011 WL 3809920, at *2 (S.D.N.Y. 2011).

7

Accordingly, the Court could review Plaintiff's conclusory requests for clear error, and finding none, the Court could overrule the Plaintiff's objection and adopt the R&R in its entirety on this ground alone.

But again, out of abundance of caution considering the Plaintiff's now pro se status, the Court construes his objections to Judge Wicks's R&R to assert "new" allegations of fraud and wrongdoing that could have been raised before Judge Wicks but were not.  Even though many of these allegations are unintelligible and not sufficiently specific enough to warrant review, the Court will examine whether it can consider such new evidence and legal arguments that Plaintiff's objections can be read to make.

        i.    *New Evidence.*

A district court has discretion to consider new evidence raised for the first time in an objection to a magistrate judge's R & R.  See Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998). The Hynes court explained that "[u]nder 28 U.S.C. § 636(b)(1), [a] Magistrate Judge's Report–Recommendation [is] subject to de novo review as to those issues upon which the parties raised objections .... [and] [b]oth § 636(b)(1) and FED. R. CIV. P. 72(b) explicitly permit the district court to receive additional evidence as part of its review."  Id. (citations omitted); see also 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3070.2, at 378 (1997) ("The statute and the rule both confirm, further, that the district judge is completely free to supplement the record developed by the magistrate judge with further evidence.").

Nevertheless, a court is free to exercise its discretion to refuse to consider evidence submitted after an R&R has been issued.  See, e.g., Paddington Partners v. Bouchard, 34 F.3d 1132, 1137–38 (2d Cir. 1994) (finding no abuse of discretion in district court's refusal to consider supplemental evidence); see also Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, 894

F.2d 36, 40 n.3 (2d Cir. 1990) (holding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff offered no justification for not offering the testimony at the hearing before the magistrate).

Nothing about Plaintiff's conduct in this case justifies allowing him to submit over a hundred pages of what seems to be new evidence at this stage.  Plaintiff does not claim any reasonable confusion, mistake, or any other barrier to filing this evidence before Judge Wicks originally.  See, e.g., Hynes, 143 F.3d at 656 (defendant claimed to have been unaware the magistrate judge would reach a particular issue and thus did not submit evidence thereon). Accordingly, the Court will not consider the evidence Plaintiff submitted with his March 22, 2024 objections.

        ii.    *New Legal Arguments*.

Although Plaintiff's submission does not seem to cite any law, the Court will construe his objections very liberally as raising new legal arguments.  But for the below reasons, the Court will not consider these arguments.

Whether a party may raise a new legal argument (or presents an entire previously unasserted opposition) for the first time in objections to an R&R has not yet been decided in this Circuit.  See Amadasu v. Ngati, 2012 WL 3930386, at *5 (E.D.N.Y. Sept. 9, 2012) (citing Wells Fargo Bank N.A. v. Sinnot, 2010 WL 297830, at *2 (D. Vt. Jan.19, 2010)).

Some Circuits have held that the de novo nature of a district court's review of an R&R requires the court to consider all arguments regardless of whether they were raised before the magistrate judge.  Id. (citing United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992)).  Others have held that a district court should not consider such arguments because to do so would negate efficiencies gained through the Magistrates Act and would permit litigants to change tactics after

the issuance of an R&R.  See, e.g., Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985, 990–91 (1st Cir. 1988) ("an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."); Cupit v. Whitley, 28 F.3d 532, 535 & n.5 (5th Cir. 1994) (holding that a party waived an argument by failing to raise it before the magistrate judge); Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638 (9th Cir. 1988) ("allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act"), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc); Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

In Williams v. McNeil, 557 F.3d 1287, 1291–92 (11th Cir. 2009), the Eleventh Circuit adopted a standard that preserves the systemic efficiencies afforded by the Magistrates Act, while recognizing that the district court is vested with "ultimate adjudicatory power over dispositive motions."  Accordingly, it held "that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."  Id. at 1292.  The Eleventh Circuit's approach has gained acceptance in some district courts in this Circuit.  See, e.g., Wells Fargo, 2010 WL 297830, at **2–4; see also Machicote v. Ercole, 2011 WL 3809920, at *6 & n.5 (S.D.N.Y. Aug.25, 2011); Ngati, 2012 WL 3930386, at *5.

In so doing, courts have looked to a six-factor test to determine if new legal arguments should be allowed: (1) the reason for the litigant's previous failure to raise the new legal argument; (2) whether an intervening case or statute has changed the state of the law; (3) whether the new issue is a pure issue of law for which no additional fact-finding is required; (4) whether the

resolution of the new legal issue is not open to serious question; (5) whether efficiency and fairness militate in favor or against consideration of the new argument; and (6) whether manifest injustice will result if the new argument is not considered.  See Wells Fargo, 2010 WL 297830, at *4.  In applying the six factors, the Wells Fargo court noted that it was "[g]uided by the Second Circuit's standards for consideration of new legal arguments raised for the first time in a motion for reconsideration, and its standard for considering new evidence in an objection to a magistrate judge's report and recommendation."  Id.

Even accepting that the Court retains discretion to consider new arguments not presented to Judge Wicks, the Court declines to do so here.  The Wells Fargo test does not support the consideration of Plaintiff's new arguments.

On the first factor, Plaintiff was fully capable of understanding that he could assert his claims during the round of dispositive motion practice while he was represented by counsel. Indeed, Plaintiff has not suggested that any misunderstanding of substantive or procedural law that prevented him from making the arguments in his objections during his counseled motion practice.

On the second factor, the state of the law has not changed.  Thus, no new ground for relief has become available to plaintiff.  See Wells Fargo, 2010 WL 297830, at *4.

On the third factor, any legal conclusion that Court would have to make here would need to be decided after significant additional fact finding.[3]  See id.

On the fourth factor, the resolution of whether Plaintiff or Defendants are entitled to summary judgment is not open to serious question because the case is a straightforward insurance coverage action.  See id.

---

[3]    In deciding whether to consider an argument raised for the first time on a motion for reconsideration or objection, the Second Circuit looks to whether the argument is a "purely legal question" for which "there is no need for additional factfinding."  Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 159 (2d Cir. 2003).

On the fifth factor, no manifest injustice will result if the Court declines to consider Plaintiff's opposition because Judge Wicks undertook a thorough analysis of whether Defendants were entitled to summary judgment. And judging by the volume and the content of Plaintiff's instant filings, the Court does not see how Judge Wicks would have been assisted in his determination of the motions by any opposition Plaintiff would have filed. See id. By contrast, a manifest injustice would result if the Court undid all of the work that went into the resolution of the Defendant's summary judgment motions by Judge Wicks. See id. at *5 ("Judicial economy and fairness thus militate against the court's consideration of an argument that could and should have been raised before the Magistrate Judge."); see also FED. R. CIV. P. 1 (Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Therefore, under the Wells Fargo test, the Court should not consider Plaintiff's new legal arguments.

While the factors set forth in Wells Fargo provide a useful means of balancing the equities of the situation at hand, the Court could not reach a contrary outcome under any other standard. See Ngati, 2012 WL 3930386, at *7. The mere fact that Plaintiff seeks to file an entire previously unasserted opposition after the R&R was issued, after being represented by counsel at the summary judgment stage, is enough for the Court to exercise its discretion against considering Plaintiff's new filings.[4] Plaintiff's conduct in this case is anathema to "the purpose of the Magistrates Act," Greenhow, 863 F.2d at 638, and "systemic efficiencies would be frustrated," Paterson–Leitch Co., 840 F.2d at 991, if the Court considered Plaintiff's filings at this late stage.

There are, at bottom, many good reasons to enforce the baseline rule that this Court will not consider arguments not made to a magistrate judge. And even if some circumstances can

---

[4]     Indeed, the Court finds the reasoning set forth by the First, Fifth, Ninth, and Tenth Circuits to be more applicable to the facts at hand.

provide good cause to deviate from that practice, Plaintiff's new arguments presented here do not. Accordingly, the Court will not consider Plaintiff's new legal arguments, to the extent that his objections could be construed to make any.

> C.       Plaintiffs' Objections are Meritless Even under De Novo Review.

Out of another abundance of caution considering Plaintiff's pro se status, the Court affords Plaintiff a de novo review of Judge Wicks's R&R, notwithstanding the many improprieties of Plaintiff's objections. See Oxford Techs., Inc. v. E./W. Indus., Inc., 2019 WL 4291584, at *3 (E.D.N.Y. Sept. 11, 2019).  Upon de novo review of Judge Wicks's thorough and fifty-five paged R&R, the Court overrules Plaintiffs objections that are, in any event, intelligible and sufficiently specific enough to warrant review.

> D.       Plaintiffs' Motion for Reconsideration Included in the Objections is Denied.

Lastly, the Motion for Reconsideration included in the objections is denied, as there is no factual or legal basis for the relief requested.[5]

### III.       CONCLUSION

Accordingly, Defendant's Motion for Summary Judgments on all three Counts is GRANTED, and Plaintiff's Cross-Motion to Strike portions of Defendant's Rule 56.1 Statement is GRANTED in part and DENIED in part.  Pursuant to 28 U.S.C. § 1915(a), any appeal from this Order would not be taken in good faith; therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to close this case.

---

[5]       The standard for granting a motion for reconsideration is "strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  As this court has stated, "[a] motion for reconsideration may be granted only if a court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority." Rollins v. N.Y. State Div. of Parole, 2007 WL 539158, at *2 (E.D.N.Y. Feb. 16, 2007).  Plaintiff does not satisfy that standard here.

Dated: March 27, 2024
Central Islip, New York

                                      /s/  JMA
                           JOAN M. AZRACK
                           UNITED STATES DISTRICT JUDGE